1 | Nathan F. Smith, #264635
2 | Christina J. O, #266845
  | Malcolm ♦ Cisneros, A Law Corporation
3 | 2112 Business Center Drive, 2nd Floor
  | Irvine, California 92612
4 | (Telephone) (949)252-9400
5 | (Facsimile) (949)252-1032
  | Email: nathan@mclaw.org
6
7 | Attorney for Movant

8             UNITED STATES BANKRUPTCY COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                  LOS ANGELES DIVISION

11  In re                          Bankruptcy Case No. 2:18-bk-16497-SK
12  Beisa Ramulic Vallejo *aka* Beisa Zakbar,    Chapter 13
13                                 **SUPPLEMENTAL DECLARATION IN
                                   SUPPORT OF MOTION FOR RELIEF
14          Debtor.                FROM AUTOMATIC STAY**
15
                                   CONTINUED HEARING DATE
16                                 DATE: August 21, 2019
                                   TIME: 8:30 AM
17                                 CTRM: 1575
18

19  I, __Karla Price__, declare:

20      1.    I am over the age of eighteen and am authorized to make this declaration on
21  behalf Caliber Home Loans, Inc., ("Caliber"), as attorney in fact and servicer for U.S. Bank Trust,
22  N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank Trust").
23      2.    I am a/an __Assistant Vice President__ at Caliber servicer for U.S.
24  Bank Trust. In the foregoing capacity I have personal knowledge of the status and history of the
25  Eduardo E. Vallejo, Maria Luisa Vallejo, Eduardo Vallejo and Cielo G. Vallejo ("Borrowers") loan
26  account, and if called upon to testify thereto I could and would do so competently and truthfully.
27      3.    In my capacity as a __Assistant Vice President__, I have access to
28  the business records of U.S. Bank Trust as they relate to the Borrowers. The records of U.S. Bank

EFP/SUPPLEMENTAL DECLARATION

1. Trust are made and kept in the ordinary course of business by persons who have a business duty to make such records on behalf of U.S. Bank Trust. The records are made at or near the time of the occurrence of the event or events of which they are recorded. I have personally reviewed the records of U.S. Bank Trust as they relate to the Borrowers herein. The records reflect the payments made, the payments missed, and all charges accruing under the loan. Therefore, I am personally familiar with the status of the Borrowers' loan.

4. On March 14, 2019, U.S. Bank Trust filed a Motion for Relief from Automatic Stay ("Motion") which detailed a post-petition delinquency of $15,629.04 through and including the March 1, 2019 payment.

5. On March 28, 2019, Debtor filed a response to the Motion.

6. At this juncture, the borrowers have been approved for a Loan Modification Agreement ("Loan Modification"). A true and correct copy of the Loan Modification is attached as Exhibit "1."

7. The first payment due under the Loan Modification is September 1, 2019.

I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed on August 7, 2019 in San Diego, California. (city, state)

| *[signature]* | **Assistant Vice President** |
|---|---|
| Signature of Declarant | Title |
| Movant: U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by Caliber Home Loans, Inc., as its attorney in fact, and its successors and/or assignees ||

EFP/SUPPLEMENTAL DECLARATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**MALCOLM & CISNEROS, A Law Corporation**
**2112 Business Center Drive, Second Floor**
**Irvine CA 92612**

A true and correct copy of the foregoing document described as **SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner entitled below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 7, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**CHAPTER 13 TRUSTEE:   Kathy A Dockery (TR)    EFiling@LATrustee.com**
**US TRUSTEE: United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
**DEBTOR'S ATTORNEY:   Randy Chang    randychang2007@gmail.com**

☐ Service information continued on attached page

2. **SERVED BY UNITIEDSTATES MAIL**:
On **August 7, 2019** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**HONORABLE BANKRUPTCY COURT JUDGE:   Sandra R. Klein, 255 E. Temple Street, Los Angeles, CA 90012**
**DEBTOR: Beisa Ramulic Vallejo, 508 California Street , Burbank, CA 91505**
**CO-DEBTOR: Eduardo Enrique Vallejo, 508 North California Street, Burbank, CA 91505**
**CO-DEBTOR: Maria Luisa Vallejo, 508 North California Street, Burbank, CA 91505**
**CO-DEBTOR: Eduardo Vallejo, 508 North California Street, Burbank, CA 91505**
**CO-DEBTOR: Cielo G. Vallejo, 508 North California Street, Burbank, CA 91505**

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following persons and/or entities by personal delivery, overnight mail service or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **August 7, 2019** | **Erica F. Pedraza** | */s/ Erica F. Pedraza* |
|---|---|---|
| **Date** | **Type Name** | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

June 2012                                                                                                                                                    F 9013-3.1.PROOF.SERVICE

**SECTION 1 CONTINUED:**
NOTICE: Andrea L Betts     abetts@rascrane.com
NOTICE: Cristina DiGiannantonio     bkyecf@rasflaw.com, ras@ecf.courtdrive.com;bkyecf@rasflaw.com
NOTICE: Erin Elam     eelam@rascrane.com
NOTICE: Sean C Ferry     sferry@rasflaw.com, sferry@ecf.courtdrive.com
NOTICE: Francis Laryea     flayrea@rascrane.com
NOTICE: Christina J O     christinao@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com
NOTICE: Cassandra J Richey     cdcaecf@bdfgroup.com
NOTICE: Nathan F Smith     nathan@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com
NOTICE: Edward A Treder     cdcaecf@bdfgroup.com

This document was prepared by: Caliber Home Loans Inc.

## LOAN MODIFICATION AGREEMENT
## 5 YEAR WITH STEP

**To the Borrower: This Agreement contains changes in terms which affect your Loan secured by the Property identified below. This is a legal obligation and you should read and understand the terms of this Agreement before you sign it.**

**This Agreement (the "Agreement") is dated as of July 11, 2019, but effective as of the Modification Effective Date defined herein, by and between EDUARDO E VALLEJO (collectively, the "Borrower" or "you") and Caliber Home Loans, Inc. (the "Servicer"), on behalf of the current owner of your loan (the "Lender").**

**RECITALS:**

A. Borrower has a mortgage loan, account number ▮▮▮▮▮ (the "Loan"). This loan is secured by property commonly referred to as 508 N CALIFORNIA ST, BURBANK, CA 91505 (the "Property").

B. Borrower signed the following documents in connection with the Loan:
- Note dated November 10, 2004 in the original amount of $315,000.00 (the "Note").
- Mortgage, Security Deed, or Deed of Trust on the Property, recorded in real property records of Los Angeles County, CA (the "Security Instrument"), with an original stated maturity date of September 1, 2047.
- The Note and the Security Instrument, together with all documents executed in relation to the Note and the Security Instrument, and in addition to any loan modification previously entered into by Borrower, are called the "Loan Documents".

C. Borrower has provided information to Servicer, and Borrower and Servicer want to modify the terms of the Note and Security Instrument.

In consideration of the foregoing Recitals and the terms, conditions, representations and warranties, and mutual covenants and agreements herein, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower and Servicer (collectively, the "Parties"), mutually agree as follows:

1. **Conditions to Effectiveness of Agreement.**

   a. This Agreement will only be effective after Borrower signs and returns a signed original of this Agreement to Servicer on or before July 31, 2019.

   b. Lender will not be obligated or bound to make any modification of the Loan Documents if the Borrower fails to meet any one of the requirements under this Agreement.

2. **Modification of the Loan Documents**

   If the conditions of this Agreement are satisfied, then your Loan is modified as follows:

LOAN MODIFICATION AGREEMENT
5 YEAR WITH STEP

Cap Mod
Revised 01/19
Page 1 of 5

**Exhibit 1**

<u>Modification Period</u>: The payments on your loan will be modified from the effective date of the modification, which will be August 1, 2019 (the "Modification Effective Date"). You will pay the initial modified amount from the Modification Effective date until August 1, 2024 ("Initial Modification Period"). At the end of the Initial Modification Period, and beginning at Year 6, your interest rate and corresponding monthly principal and interest payment will increase in accordance with the table below until Year 2025, when your interest rate will remain fixed for the balance of the term of your Loan.

<u>Term Extension</u>: The term of the Note has been extended and the new maturity date of the Loan will be August 1, 2059.

<u>Combined Principal Balance</u>: On the Modification Effective Date, the Combined Principal Balance payable under the note is $331,107.51 (the "Combined Principal Balance"). This amount consists of unpaid and deferred interest, previously deferred amounts, fees, charges, escrow advances, and other costs, but excluding unpaid late charges, less any amounts paid to Servicer but not previously credited to my loan. I understand that by agreeing to add these amounts to the outstanding principal balance, the added amounts accrue interest based on the interest rate in effect under this Agreement unless those amounts are either deferred as non-interest bearing or forgiven as specified in this Agreement.

<u>Interest Bearing Principal Balance</u>: The Combined Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $331,107.51.

<u>Modified Monthly Payment Amount</u>: You promise to make modified monthly payments in an amount set forth in the table below beginning on the First Modification Payment Date and ending on the Maturity Date.

The total modified monthly payment amount may include modified monthly principal and interest payments, any monthly escrow payments (to the extent Servicer will pay escrowed amounts), and monthly payments for Ancillary Amounts, as identified below.

<u>Modified Interest Rate</u>: Interest will be charged on the Modified Unpaid Principal Balance at a rate of 2% (the "Modified Interest Rate") beginning on Modification Effective Date. You will make modified monthly principal and interest payments based on the Modified Interest Rate as applied to the Modified Unpaid Principal Balance beginning on the First Modification Payment Date and ending on the end of the Initial Modification Period.

<u>Summary of the Initial Modification Period Payments:</u>

| | |
|---|---|
| Modified Unpaid Principal Balance: | $331,107.51 |
| Modified Interest Rate: | 2% |
| Modified Monthly Principal and Interest Payment: | $1,002.68 |
| Monthly Escrow Payment (Taxes and Insurance)*: | $292.40 |
| Total Modified Monthly Payment: | $1,295.08 |
| First Modification Payment Date: | September 1, 2019 |
| Maturity Date: | August 1, 2059 |

LOAN MODIFICATION AGREEMENT
5 YEAR WITH STEP

Cap Mod
Revised 01/19
Page 2 of 5

Exhibit 1

Interest Rate Change Table

| Years | Interest Rate | Interest Rate Change Date | Monthly Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 5 | 2% | 08/01/2019 | $1,002.68 Principal and Interest | $292.40 May adjust periodically | $1,295.08 May adjust periodically | 09/01/2019 | 60 |
| 1 | 3.00000% | 08/01/2024 | $1,164.88 Principal and Interest | May adjust periodically | May adjust periodically | 09/01/2024 | 12 |
| 34 | 3.82000% | 08/01/2025 | $1,304.38 Principal and Interest | May adjust periodically | May adjust periodically | 09/01/2025 | 408 |

*Your Monthly Escrow Payment is an amount calculated in accordance with the Loan Documents, and Federal and State law. This amount may change from time to time if escrow items (taxes and/or insurance) increase or decrease.

3. **Events of Default.** A default under the terms of this Agreement constitutes a default under the terms of the Loan Documents. All the rights and remedies, stipulations, and conditions contained in the Loan Documents relating to default in the making of payments under the Loan Documents shall also apply to default in the making of the modified payments hereunder.

4. **Additional Covenants and Agreements.**

   The Parties further agree to and acknowledge each of the following:

   A. All persons who signed the Loan Documents must sign this Agreement in person or by an authorized representative, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) Servicer has waived this requirement in writing. Borrower, by signing this Agreement, will be presumed to have read this Agreement and understand the terms of this Agreement.

   B. Borrower certifies that all documents and information Borrower has provided to Servicer in connection with this Agreement are true and correct, and Borrower agrees to be bound by the representations in the Loss Mitigation Application.

   I acknowledge that Servicer may be required to report any principal forgiveness to the IRS and that any tax liability arising out of that forgiveness shall be my responsibility. I further acknowledge that Servicer has recommended that I consult my own tax advisor to determine how this forgiveness impact my personal situation.

   C. This Agreement supersedes the terms of any modification, forbearance, trial period plan or other workout plan that Borrower may have or have had in the past with Servicer or any prior servicer.

   D. Except as specifically modified by this Agreement, the terms of the Loan Documents remain in full force and effect and are duly valid, binding agreements, enforceable in accordance with their

LOAN MODIFICATION AGREEMENT
5 YEAR WITH STEP

Cap Mod
Revised 01/19
Page 3 of 5

Exhibit 1

terms. This Agreement does not replace or release any terms in the Loan Documents, except as specifically modified by this Agreement. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents.

E. Borrower may not assign and no person may assume Borrower's rights under this Agreement or the Loan Documents without the prior written consent of the Servicer.

F. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

G. If Servicer makes advances for payment of taxes or insurance, accrues interest, or posts late or other fees or expenses to the Loan, each of which is permissible under the Loan Documents to add to amounts outstanding under the Note, between the date Servicer generates this Agreement and the date this Agreement is processed, then these amounts will become Deferred Amounts under the Loan Documents. Any addition of Deferred Amounts or offset of advances pursuant to this section will be reflected on Borrower's periodic statement. Deferred Amounts do not accrue interest. The Deferred Amounts will be due at the earlier of payment in full of the Note, acceleration, or the Maturity Date. If you sell the Property or refinance the Loan, you will be required to pay this Deferred Amount in addition to any other amounts due at that time. Otherwise, these amounts are due on the Maturity Date and are required to be paid at or before that time. This means that if you make all the payments required by this Agreement, you will still owe the Deferred Amount to Servicer. The Deferred Amount may result in a significantly higher monthly payment on the Maturity Date.

H. Borrower will execute such other documents or papers as may be reasonably necessary or required to either (i) consummate the terms and conditions of this Agreement, or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. Borrower understands that either a corrected Agreement or a letter agreement containing the correction will be provided to Borrower for Borrower's signature. At the option of the Lender, if Borrower elects not to sign any such corrective documentation, the terms of the operative Loan Documents will continue in full force and effect, and such terms will not be modified by this Agreement.

I. This Agreement constitutes notice that any waiver by Servicer as to payment of taxes, insurance and other escrow items has been revoked. Borrower agrees and understands that Borrower will be required to pay certain escrow amounts as required by Servicer in accordance with applicable Federal and state law.

5. **No Waiver.**

Except as specifically provided herein, the Security Instrument shall remain unaltered and in full force and effect and is hereby ratified and confirmed by the Parties hereto. This Agreement shall not constitute a novation of the Security Instrument. The execution, delivery and effectiveness of this Agreement shall not,

LOAN MODIFICATION AGREEMENT
5 YEAR WITH STEP

Cap Mod
Revised 01/19
Page 4 of 5

Exhibit 1

except as expressly provided herein, operate as a waiver of any right, power or remedy of any party under the Security Instrument.

To the extent Servicer may deem it necessary, Borrower will cooperate with Servicer to the extent any filing or action is required in Borrower's Bankruptcy Case in order to (a) obtain approval of this agreement (b) modify Borrower's bankruptcy plan (if Borrower is in a Chapter 13 bankruptcy) or (c) amend the proof of claim filed by Servicer with respect to this debt. If you are presently subject to a proceeding in Bankruptcy Court, the terms of this Agreement may be subject to Court approval in your jurisdiction. If Court approval is required in your jurisdiction, and the Court denies this Agreement, your Loan will revert to the terms in effect immediately prior to this Agreement, and will remain in full force and effect.

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect debt but is sent for informational purposes only.**

Whereof, Servicer and Borrower have executed this Modification Agreement as of the dates indicated below

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement:

**Borrower**

_____    7/16/19
EDUARDO E VALLEJO                Date

**Lender**

**Caliber Home Loans, Inc.**

_____    _____
                                  Date

Account Number: ▮▮▮▮

LOAN MODIFICATION AGREEMENT
5 YEAR WITH STEP

Cap Mod
Revised 01/19
Page 5 of 5

**Exhibit 1**

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California  
County of __Los Angeles__

On __07/16/2019__ before me, __AKBAR SOROUSH Notary Public__
    Date                                         Here Insert Name and Title of the Officer

personally appeared __EDUARDO ENRIQUE VALLEJO__
                                    Name(s) of Signer(s)

_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.



I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Place Notary Seal and/or Stamp Above        Signature of Notary Public

──────────────── **OPTIONAL** ────────────────

Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**  
Title or Type of Document: __Loan Modification Agreement__  
Document Date: __07/11/2019__        Number of Pages: __5__  
Signer(s) Other Than Named Above: __X__

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____        Signer's Name: _____
☐ Corporate Officer – Title(s): _____        ☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General               ☐ Partner – ☐ Limited ☐ General
☒ Individual       ☐ Attorney in Fact           ☐ Individual       ☐ Attorney in Fact
☐ Trustee          ☐ Guardian of Conservator   ☐ Trustee          ☐ Guardian of Conservator
☐ Other: _____                ☐ Other: _____
Signer is Representing: _____        Signer is Representing: _____

©2017 National Notary Association        Exhibit 1