Case numbers: 2:18-bk-16497-SK

FILED

SEP 19 2019

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re                                                    )    **BK No. 2:18-bk-16497-SK**
                                                         )
Beisa Ramulic Vallejo,                                   )    **Chapter 13**
                                                         )
        Debtors,                                         )    **OPPOSITION TO MOTION FOR RELIEF**
                                                         )    **FROM AUTOMATIC STAY FILED BY**
        vs.                                              )    **MOVANT WHEELS FINANCIAL, ET AL.**
                                                         )    **HEARING:**
**WHEELS FINANCIAL GROUP, LLC.,**                        )
                                                         )    **DATE: October 2, 2019**
et al. ( Movant )                                        )    **TIME: 08:30 a.m.**
                                                         )    **CTRM: 1575**
                                                         )
——————————————————————————                               )

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY COURT**

**JUDGE, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

   **PLEASE TAKE NOTICE** that an oral hearing regarding a motion to the lift the automatic

stay is set for October 2, 2019, and an opposition to the motion must be filed 14 days prior to that

date.

   Debtor hereby files its opposition to Movant's motion based on the following memorandum

of points, the pleadings on file in this case, any supplemental briefing filed in connection with the

Motion, and any oral argument presented at the hearing the Motion.

   Debtor also received a "Notice to Filer of Error and/ Deficient Document" and herein corrects

that deficiency.

Case numbers: 2:18-bk-16497-SK

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On August 30, 2019, WHEELS FINANCIAL GROUP, LLC. dba LoanMart (hereinafter "Movant" ) filed its motion for relief of the automatic stay pursuant to 11 U.S.C. § 362(d)(1). "(**d**)On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(**1**) for cause, including the lack of adequate protection of an interest in property of such party in interest;".

Movant has failed to prove any such "cause" exists to be granted the relief of the automatic stay.

The **Motion was filed prematurely** since in the evidence presented by the Movant as Exhibit "A" ( Doc 67-2 attached ), alleging to be a "Promissory Note and Security Agreement", it clearly contains an ARBITRATION AGREEMENT on page 4 which states the following:

"YOU AND LENDER ( MOVANT ) ACKNOWLEDGE AND AGREE AS FOLLOWS: 2. Any Party Can Demand Arbitration… and in 6. "…the arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act 9 U.S.C…". The Agreement is signed by the "Lender: Continental Currency Services, Inc. dba CCS" on 03/13/2015 as can been seen on Exhibit "A" Page 22 of 28. ( Doc 67-2 Attached).

The Debtor has demanded Arbitration and the settlement of the debt once and for all.

Based upon the foregoing, and as discussed in further detail below, the Motion must be denied due to being filed prematurely.

Case numbers: 2:18-bk-16497-SK

## II.

## STATEMENT OF FACTS

1. On August 30, 2019, Movant filed its Motion for Relief from Stay.

2. On September 13, 2019, Debtor and Debtor's Husband, Eduardo Enrique Vallejo, filed the following Declaration "Regarding Arbitration in Support of Opposition to Motion for Relief from Automatic Stay Filed by Creditor and Request for an Urgent Order to Return the Private Property to Debtor ( Document(s) 69 and 67).

3. The Court sent Debtor a "Notice to Filer of Error and/ Deficient Document" and Debtor herein corrects that deficiency.

4. Debtor's husband, Eduardo Vallejo, filed a declaration in support of the opposition to the motion, informing the Court that he had initiated Arbitration with the Movant and asked the Court to Stay the matter until after Arbitration has been finalized based on the following:

## III.

## DECLARATION

My name is Eduardo Vallejo, I am 61 years of age, the husband of the Debtor, Beisa Ramulic Vallejo, and declare as follows:

1.)      My wife and I live in a community property State and together we own the personal property pertaining to our Estate, the vehicle a 1974 Alfa Romeo Spider with VIN: AR3043863, with active California License Number 4USG591, insured since June 9, 2016 with GEICO Policy Number: 4438321418, which has in our opinion been repossessed unlawfully and in violation of the automatic stay.

OPPOSITION TO CREDITOR'S RELIEF FROM THE AUTOMATIC STAY

Case numbers: 2:18-bk-16497-SK

2.)    I have personal knowledge of the status, contracts, and history regarding the above referenced vehicle, and if called upon to testify thereto I could and would do so competently and truthfully.

3.)    We have been negotiating with the Creditor to resolve any outstanding payments for over a year now, and they finally made a settlement offer of $4,000.00 which we accepted.

4.)    Unfortunately, when they put the settlement in writing they increased the amount and we not able to pay that amount in a lump sum, and therefore request a modification of my wife's Bankruptcy payment plan to payoff this loan in comfortable payments.

5.)    On or about September 8, 2019, pursuant to the terms of the contract with the Creditor which they included as an exhibit in their motion to lift the automatic stay, we filed for Arbitration in Case: 011900028313 with the American Arbitration Association, New York, NY 10271, US ( Email: corpfinance@adr.org ) and sent a copy to the Creditor.

IV.

## ARGUMENT

When a bankruptcy petition is filed, an automatic stay comes into effect staying proceedings against the debtor or the debtor's property. 11 U.S.C. § 362(a). The stay centralizes litigation regarding the debtor and its property in the debtor's bankruptcy case. When a contract entered into pre-bankruptcy contains an **arbitration clause**, a bankruptcy court will consider if the stay should be enforced or if the parties can resolve the matter in **arbitration**.

In *In re Argon Credit, LLC*, No. 16-39654 (Bankr. N.D. Ill. Sept. 21, 2018), a bankruptcy court considered this question in a dispute between two non-debtor parties concerning the validity of loans issued by the debtor and part of the **debtor's estate**.

- 4 -
OPPOSITION TO CREDITOR'S RELIEF FROM THE AUTOMATIC STAY

Case numbers: 2:18-bk-16497-SK

Some California borrowers have brought arbitration proceedings against Creditors arguing that the loans they entered into are **invalid** because they were ***unconscionable*** and didn't comply with California lending law. Such is the case here.

The present loan contract the borrower signed with the Movant includes a broad **mandatory arbitration clause**. In other similar cases Bankruptcy Courts have concluded that these arbitration proceedings are covered by the automatic stay, because the **loan contracts are property of the estate** and the borrowers sought declarations that the contracts were invalid. Some Bankruptcy Courts have noted some uncertainty as to whether such declarations would bind non-parties to arbitrations, but concluded that there was some possibility that they would.

An applicant for relief from the automatic stay must show "cause." 11 U.S.C. § 362(d)(1). Relying on prior case law involving the application of the automatic stay to Arbitration agreements, Bankruptcy Courts must decide if the issue is a "non-core" issue, or a "core", issue as is the case here, and therefore the Court can not grant the Movant's motion for relief from the stay because it is a "core" issue since the vehicle belongs to the estate.

Bankruptcy law divides proceedings between core proceedings and non-core proceedings. 28 U.S.C. § 157. The origin of this statutory distinction is the constitutional limits on the scope of a bankruptcy court's jurisdiction. Because the statutory definition is supposed to track the constitutional definition, the court first considered whether the issue regarding the loan contracts' validity was "core" as a matter of constitutional law.

Relying on *Stern v. Marshall*, 564 U.S. 462, 499 (2011), the court held that an issue is constitutionally core if it "stems from the bankruptcy itself or would necessarily be resolved in claims allowance process."

Courts have noted that nonetheless that claims arguably fall within the statutory definition in section 157 of the Bankruptcy Code because they could be understood as "matters concerning the administration of the estate" or "other proceedings affecting the liquidation of the assets

Case numbers: 2:18-bk-16497-SK

1   of the estate," since the loan contracts and their receivables were the estate's main assets.

2       Movant has not shown cause nor met its burden to obtain relief from the OTAS, and Relief

3   from the OTAS is otherwise unwarranted. The Motion is unsupported by any evidence and contains

4   no arguments that relief from the OTAS is warranted under any specific subjection. Nevertheless,

5   the Motion must be denied because it is not supported by any sound arguments, since the matter must

6   be settled in mandatory arbitration.

7

8                                       V.

9                                 **CONCLUSION**

10

11      Based upon the foregoing, the Debtor respectfully requests that the Court deny Movant's

12  motion for relief from the Automatic Stay and order mandatory arbitration.

13

14

15      DATED: September 17, 2019

16      *Beisa Vallejo*

17  /s/ Beisa Ramulic Vallejo                    *Edwardo Enrique Vallejo*

18  _____              *Co-Debtor*

19

20  BEISA RAMULIC VALLEJO
    508 NORTH CALIFORNIA STREET
21  BURBANK, CA 91505
    TEL: 1 (818) 415-5633
22  FAX: 1 (818) 846-1777
    EMAIL: eevallejo@yahoo.com
23

24

25

26

27

28

OPPOSITION TO CREDITOR'S RELIEF FROM THE AUTOMATIC STAY

**CERTIFICATE OF SERVICE**

Federal Bankruptcy Court Case Number: 2:18-bk-16497-SK

I am a resident of the State of California, over the age of eighteen years, and a party to the within action.

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY MOVANT WHEELS FINANCIAL, ET AL.**

[ ] by transmitting via facsimile on this date the document(s) listed above to the facsimile numbers set forth below. The transmission was completed before the close of business and was reported complete and without error.

[ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing_ L am aware that on motion of the party served, service is presumed invalid if the postal cancellation date on postage meter date is more than one day after the date of deposit in this Declaration.

[X] BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the Federal Bankruptcy and District Courts, Ninth Circuit BAP and Court of Appeals of California website https://ecf.cacd.uscourts.gov.

[X] by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service. (See Attached Service List)

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Respectfully submitted, this 17th day of September of 2019.

Dated: September 17, 2019

/s/ Beisa Ramulic Vallejo

BEISA RAMULIC VALLEJO
508 NORTH CALIFORNIA STREET
BURBANK, CA 91505
TEL:  1 (818) 415-5633
FAX: 1 (818) 846-1777
EMAIL: eevallejo@yahoo.com